William Cookson
1372 Sunflower Lane
Brentwood, CA 94533

In Pro Per

FILED

JUL - 2 2010

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

E-filing

E-filing

THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM COOKSON<br><br>Plaintiff,<br><br>v.<br><br>NEW UNITED MOTOR MANUFACTURING, INC., TOYOTA MOTOR CORPORATION AND TOYOTA MOTOR SALES USA<br><br>Defendants. | Case No. C10-02931 EDL<br><br>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES FOR VIOLATIONS OF: THE AMERICANS WITH DISABILITIES ACT; THE FAIR EMPLOYMENT AND HOUSING ACT; THE UNFAIR BUSINESS PRACTICES ACT; AND CALIFORNIA'S PUBLIC POLICIES<br><br>DEMAND FOR JURY TRIAL |

Plaintiff WILLIAM COOKSON on behalf of himself for claims for relief against defendants, and each of them, alleges:

### NATURE OF THIS ACTION

1. This is lawsuit against New United Motor Manufacturing, Inc. (NUMMI), Toyota Motor Corporation and Toyota Motor Sales USA (Collectively referred to as Toyota) for violations of plaintiff's civil rights in contravention of the Americans with Disabilities Act of 1990 (ADA), 42

1  U.S.C. § 12101, *et seq.*, the Fair Employment and Housing Act (FEHA), Cal. Gov't Code §
2  12900, *et seq.*, the Unfair Business Practices Act, Cal. Business & Prof. Code § 17200, *et seq.*,
3  and California's public policy. Plaintiff is a former worker of the now closed Fremont,
4  California NUMMI plant who was denied severance benefits worth many thousands of dollars
5  that other laid off workers received. These benefits were supposedly based on length of
6  employment, but denied in whole or in part to disabled workers who were on a leave of absence
7  at any time between October 1, 2009 and April 1, 2010 when the plant closed, regardless of how
8  long the worker had been employed by defendants. In addition, the disabled workers have been
9  denied transitional employment services, such as career and skills assessments.

10  2.  Between August and November 2009, officials of Defendants NUMMI and TOYOTA
11  began a series of announcements regarding the planned closure of the NUMMI plant in Fremont,
12  California. On April 1, 2010, Defendant NUMMI closed the plant and its 5,400 employees lost
13  their jobs, including Plaintiff.

14  3.  Between October 2009 and April 1, 2010, Defendant NUMMI failed and refused to
15  reinstate and accommodate Plaintiff COOKSON who sought to return to work with or without
16  reasonable accommodations.

17  4.  On or around November 2009, and through around March 19, 2010, Defendant NUMMI
18  offered transitional services to its employees, including access to a one-stop center, career and
19  educational fairs, and skills assessments. Transitional services were made available only to
20  NUMMI employees who were actively working. Plaintiff here – on leave because of his
21  disabilities and/or because of Defendant NUMMI's refusal to accommodate his disabilities – was
22  denied these critical benefits without justification.

23  5.  On or around March 15, 2010, Defendants NUMMI and TOYOTA announced a proposed
24  severance package. In exchange for a general release of claims against Defendant NUMMI, the
25  package provides a base payout of $21,175.00 together with an additional payment – an average
26  amount of $32,000, with individual amounts varying depending upon years of service – for
27  employees who worked between October 1, 2009 and April 1, 2010. This additional payment is
28  labeled a "retention bonus" by Defendants, but it is not a true "retention bonus." By the time the
29

COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF

severance package was announced, virtually all of the time period at issue had already elapsed. Nor was the massive enhancement required to ensure efficient production. Plaintiff – on leave because of his disabilities and/or Defendant NUMMI's refusal to accommodate his disabilities – has been denied the bonus enhancement without justification.

6. Plaintiff is informed and believes, and thereupon alleges, that Defendant TOYOTA together with Defendant NUMMI conceived, influenced, designed, required, and/or and directed the discriminatory terms of the severance package.

7. Plaintiff is informed and believes, and thereupon alleges, that Defendant NUMMI failed and refused to reinstate and accommodate Plaintiff COOKSON as part of an unlawful scheme to deny such disabled employees the benefits of transitional vocational services and/or the bonus enhancement.

8. Plaintiff seeks declaratory and injunctive relief, reformation of the severance agreement, restitution, lost compensation and other employment benefits and compensatory and punitive damages, and reasonable attorneys' fees and costs, for defendants' violations of his rights.

## JURISDICTION AND VENUE

9. This court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. § 1331. This is an action arising under the ADA.

10. This court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a). Plaintiff's claims under the FEHA, the Unfair Business Practices Act and California's public policy are related, as all of plaintiff's claims share common operative facts. Resolving all state and federal claims in a single action serves the interests of judicial economy, convenience and fairness to the parties.

11. Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(b), because the events giving rise to plaintiff's claims occurred in this District.

## PARTIES

12. Plaintiff is a former employee of NUMMI at its Fremont plant. Plaintiff is a qualified individual with disabilities under Title I of the ADA and the FEHA. In addition to having an actual disability, Plaintiff has a record of disability within the meaning of state and federal

COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF

1 disability nondiscrimination laws. Plaintiff is informed and believes, and thereon alleges, that
2 Defendants also regarded him as disabled within the meaning of state and federal disability
3 nondiscrimination laws.

4     13. Defendant New United Motor Manufacturing, Inc. (NUMMI) began as a joint venture between Defendant Toyota Motor Corporation (TOYOTA) and General Motors Corporation. In June 2009, General Motors went bankrupt and withdrew from the partnership. NUMMI is a California corporation with headquarters in Fremont, California. Defendant NUMMI is an employer covered by the ADA and the FEHA in that it employs, and at all times relevant employed, at least 15 employees.

    14. Defendant TOYOTA MOTOR CORPORATION is a shareholder and affiliated entity of Defendant NUMMI. Plaintiff is informed and believes, and thereupon alleges, that Defendant TOYOTA MOTOR CORPORATION participated in the unlawful actions and inactions described herein. Defendant TOYOTA MOTOR CORPORATION is a Japanese corporation that maintains offices throughout California.

    15. Defendant TOYOTA MOTORS SALES USA is a wholly-owned subsidiary of Defendant TOYOTA MOTOR CORPORATION. Plaintiff is informed and believes, and thereupon alleges, that Defendant TOYOTA MOTORS SALES USA participated in the unlawful actions and inactions described herein. Defendant TOYOTA MOTORS SALES USA is an American corporation with headquarters in San Ramon, California.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

    16. Plaintiff has exhausted all administrative remedies. He filed timely administrative charges of discrimination with the Equal Employment Opportunity Commission (EEOC) and the California Department of Fair Employment and Housing (DFEH) alleging claims against Defendants NUMMI and TOYOTA. A copy of Plaintiff's charge is attached hereto as Exhibit A.

    17. Plaintiff received his right to sue letters from the EEOC and the DFEH and has commenced this action in a timely manner.

### FACTS COMMON TO ALL CAUSES OF ACTION

    18. On or around March 15, 2010, Plaintiff COOKSON was notified that Defendant NUMMI

COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF

was offering a separation package for all employees. Although rumors about the severance began circulating almost as soon as the plant closure was announced, the details of the severance package were not released until on or after March 15, 2010, and the proposal was not approved until March 17, 2010. Plaintiff is informed and believes, and thereupon alleges, that Defendant TOYOTA together with Defendant NUMMI designed and implemented the separation package.

19. The separation package includes a basic amount for all employees as well as a bonus enhancement for employees who worked at the facility between October 2009 and April 1, 2010. The general release required of employees to receive the basic bonus and the bonus enhancement purports to extinguish any and all claims against Defendants NUMMI.

20. Plaintiff WILLIAM COOKSON was employed by Defendant NUMMI since 1985. In June 2009, Plaintiff COOKSON experienced a work-related injury to his wrist, shoulders, neck and back. Plaintiff COOKSON experiences pain which affects his ability to sit and drive and causes numbness in his hands. Plaintiff COOKSON is a person with a disability.

21. Following his injury, Plaintiff COOKSON returned to work with a thirty pound lifting restriction. Plaintiff COOKSON attempted to return to work but Defendant NUMMI failed and refused to accommodate Plaintiff COOKSON's disability. Plaintiff COOKSON is a qualified individual with a disability. Defendant NUMMI refused to retain Plaintiff COOKSON on active duty in violation of his rights under state and federal laws, and he was placed on leave. Plaintiff COOKSON is informed and believes, and thereupon alleges, that in failing to retain him on active duty, Defendant NUMMI furthered its scheme to deny employees bonus enhancements and other benefits on the basis of disability.

22. Defendants NUMMI and TOYOTA are denying Plaintiff COOKSON most of the bonus enhancement, and Defendant NUMMI denied him most access to transitional career services in the form of career and education fairs and career assessments, because he was on leave due to his disability and did not work at the facility on most of the days between October 2009 and April 1, 2010.

23. Plaintiff has received a severance package offering $21,175.00 in exchange for signing a general release of claims – including the claims of disability discrimination alleged herein – prior

COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF

to August 1, 2010. The severance package is a contract of adhesion entered into between unequal bargaining partners which releases the right's of the Plaintiff but does not release any rights of the Defendants. The severance package incorporates an illegal provision which has the purpose and effect of discriminating against persons with disabilities who were on leave. Prior to offering the severance package, Defendants never disclosed to Plaintiff that being on a leave of absence would reduce his rights to a retention bonus or that defendants would actively refuse to reinstate Plaintiff. Given the economic realities, including the extreme disparities in bargaining power and wealth, together with the continuing economic downturn and high rates of unemployment affecting the entire State of California, the discriminatory severance package proffers an unconscionable contract with unlawful terms which discriminates against workers with disabilities including Plaintiff and threatens to permit the Defendants to evade the consequences of their unlawful conduct.

## **DECLARATORY RELIEF ALLEGATIONS**

24. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 23, above.

25. An actual controversy exists between plaintiff and defendants concerning his respective rights and duties. Plaintiff contends that defendants willfully violated his rights under the ADA, the FEHA, the Unfair Business Practices Act, and California's public policy. Plaintiff further contends that the severance package provisions denying full benefits to plaintiff is unconscionable. Plaintiff is informed and believes, and based thereon alleges, that defendants deny that these actions were unlawful. Declaratory relief is therefore necessary and appropriate.

26. Plaintiff seeks a judicial declaration of the rights and duties of the respective parties, including a declaration of defendants' duty to comply with the law.

## **INJUNCTIVE RELIEF ALLEGATIONS**

27. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 26, above.

28. No previous application for the injunctive relief sought herein has been made to this Court.

COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF

29. If this Court does not grant the injunctive relief sought herein, plaintiff will be irreparably harmed.

30. No plain, adequate, or complete remedy at law is available to plaintiff to redress the wrongs addressed herein.

## FIRST CLAIM FOR RELIEF
Disability-Based Discrimination in Violation of
The Americans with Disabilities Act of 1990
42 U.S.C. § 12112(a)
Against Defendant NUMMI

31. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 30, above.

32. The ADA prohibits an employer from discriminating "against a qualified individual with a disability because of the disability of such individual in regard to . . . other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Further, the ADA prohibits an employer from "limiting, segregating or classifying a job applicant or employee in a way that adversely affects the opportunities or status of such applicant or employee because of the disability of such applicant or employee." 42 U.S.C. § 12112(b)(1).

33. In violation of plaintiff's rights under the ADA to be free from disability-based discrimination in employment, Defendants NUMMI and TOYOTA crafted a severance package that deprives a valuable bonus enhancement to employees who were not actively working between October 2009 and April 1, 2010. Defendants were well aware that plaintiff and hundreds of additional workers – many with decades of service to NUMMI – were on leave because of disability. Defendant TOYOTA had previously offered a severance package for a large plant layoff that did not distinguish between employees who had recently been actively working and employees who had recently been on a leave for disability. By denying the bonus enhancement to persons on leave because of disability, Defendant NUMMI violated the ADA.

34. In violation of plaintiff's rights under the ADA to be free from disability-based discrimination in employment, Defendant NUMMI denied transitional career services to employees who were not actively working between November 2009 and around March 19, 2010. As Defendants were well aware, Plaintiff and hundreds of additional workers were on leave

COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF

because of disability. By denying transitional career services to those on leave because of disability, Defendant NUMMI violated the ADA.

35. Plaintiff is informed and believes, and thereupon alleges, that between October 2009 and April 1, 2010, Defendant NUMMI failed and refused to reinstate and accommodate many disabled employees as part of an unlawful scheme to deny such workers the benefits of transitional vocational services and/or the bonus enhancement.

36. Defendant NUMMI's unlawful actions were intentional, willful, malicious and/or done with reckless disregard to plaintiff's right to be free from discrimination based on disability.

37. As a proximate result of these unlawful acts, plaintiff has suffered and continues to suffer lost employment benefits and other compensation, including the bonus enhancement.

38. As a proximate result of these unlawful acts, plaintiff has suffered injuries, including emotional injuries.

39. Plaintiff is entitled to compensatory damages, any lost benefits and compensation, injunctive and declaratory relief and attorneys' fees and costs.

**SECOND CLAIM FOR RELIEF**
Disability-Based Discrimination in Violation of
The Americans with Disabilities Act of 1990
42 U.S.C. §§ 12112(b)(6), 12113(a)
Against Defendant NUMMI

40. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 39, above.

41. The ADA prohibits an employer from using "selection criteria that screen out or tend to screen out an individual with a disability or a class of individuals with disabilities" unless such criteria are shown to be job related and consistent with business necessity. 42 U.S.C. §§ 12112(b)(6), 12113(a).

42. In violation of plaintiff's rights under the ADA to be free from disability-based discrimination in employment, Defendants NUMMI and TOYOTA crafted a severance package that deprives a valuable bonus enhancement to employees who were not actively working between October 2009 and April 1, 2010. Without a job-related business-necessity justification, the active-work requirement functions to screen out Plaintiff and other workers with disabilities

COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF

Page 8

from the benefits of the severance package.

43. In violation of plaintiff's rights under the ADA to be free from disability-based discrimination in employment, Defendants NUMMI denied transitional career services to employees who were not actively working between November 2009 and around March 19, 2010. Plaintiff and additional workers were on leave because of disability. Without a job-related business-necessity justification, the active-work requirement functioned to screen out Plaintiff and other workers with disabilities from the benefits of transitional career services.

44. Defendant NUMMI's unlawful actions were intentional, willful, malicious and/or done with reckless disregard to plaintiff's right to be free from discrimination based on disability.

45. As a proximate result of these unlawful acts, plaintiff has suffered and continues to suffer lost employment benefits and other compensation, including the bonus enhancement.

46. As a proximate result of these unlawful acts, plaintiff has suffered injuries, including emotional injuries.

47. Plaintiff is entitled to compensatory damages, any lost benefits and compensation, injunctive and declaratory relief and attorneys' fees and costs.

### THIRD CLAIM FOR RELIEF
Disability-Based Discrimination in Violation of
California's Fair Employment and Housing Act
Cal. Gov't Code § 12940(a)
Against Defendant NUMMI

48. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 47, above.

49. It is unlawful under the FEHA for an employer to discriminate against an employee based on the disability of that person. Cal. Gov't Code §§ 12926(i), 12940(a).

50. In violation of plaintiff's rights under the FEHA to be free from disability-based discrimination in employment, Defendants NUMMI and TOYOTA crafted a severance package that deprives a valuable bonus enhancement to employees who were not actively working between October 2009 and April 1, 2010. Defendants were well aware that plaintiff and hundreds of additional workers – many with decades of service to NUMMI – were on leave because of disability. Defendant TOYOTA had previously offered a severance package for a

large plant closure that did not distinguish between employees who had recently been actively working and employees who had recently been on a leave for disability. By denying the bonus enhancement to persons on leave because of disability, Defendant NUMMI violated the ADA.

51. In violation of plaintiff's rights under the ADA to be free from disability-based discrimination in employment, Defendant NUMMI denied transitional career services to employees who were not actively working between November 2009 and around March 19, 2010. As Defendants were well aware, Plaintiff and hundreds of additional workers were on leave because of disability. By denying transitional career services to those on leave because of disability, Defendant NUMMI violated the ADA.

52. Plaintiff is informed and believes, and thereupon alleges, that between October 2009 and April 1, 2010, Defendant NUMMI failed and refused to reinstate and accommodate many disabled employees as part of an unlawful scheme to deny such workers the benefits of transitional vocational services and/or the bonus enhancement.

53. Defendant NUMMI's unlawful actions were intentional, willful, malicious and/or done with reckless disregard to plaintiff's right to be free from discrimination based on disability.

54. As a proximate result of these unlawful acts, plaintiff has suffered and continues to suffer lost employment benefits and other compensation, including the bonus enhancement.

55. As a proximate result of these unlawful acts, plaintiff has suffered injuries, including emotional injuries.

56. Plaintiff is entitled to compensatory damages, any lost benefits and compensation, injunctive and declaratory relief and attorneys' fees and costs.

**FOURTH CLAIM FOR RELIEF**
Disability-Based Discrimination in Violation of
California's Fair Employment and Housing Act
Cal. Gov't Code § 12940(a)
Against Defendant NUMMI

57. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 56, above.

58. It is unlawful under the FEHA for an employer to discriminate against an employee based on the disability of that person. Cal. Gov't Code §§ 12926(i), 12940(a).

59. Selection criteria that operate to exclude minorities such as disabled persons from employment opportunities must be job-related and consistent with business necessity. *City and County of San Francisco v. Fair Empl. & Hous. Comm'n,* 191 Cal. App. 3d 976, 989 (1987); 2 C.C.R. § 7287.4(a), (e) ("any policy or practice of any employer or other covered entity which as an adverse impact on employment opportunities of individuals on a basis enumerated in the act is unlawful unless the policy or practice is job-related, [meaning shown to be] sufficiently related to an essential function of the job in question to warrant its use."); *see also* 2 C.C.R. § 7286.7(a) and (b) (practices which discriminate must be necessary to the safe operation of the business, and may yet be impermissible if there is a less discriminatory alternative practice).

60. In violation of plaintiff's rights under the FEHA to be free from disability-based discrimination in employment, Defendants NUMMI and TOYOTA crafted a severance package that deprives a valuable bonus enhancement to employees who were not actively working between October 2009 and April 1, 2010. Without a job-related business-necessity justification, the active-work requirement has a disparate impact on Plaintiff and other workers with disabilities, and functions to deny them the benefits of the severance package on the basis of disability.

61. In violation of plaintiff's rights under the FEHA to be free from disability-based discrimination in employment, Defendants NUMMI denied transitional career services to employees who were not actively working between November 2009 and around March 19, 2010. Plaintiff and additional workers were on leave because of disability. Without justification, the active-work requirement functioned to adversely classify plaintiff and other workers with disabilities, and to screen out such individuals from enjoying the benefits of transitional career services.

62. Defendant NUMMI's unlawful actions were intentional, willful, malicious and/or done with reckless disregard to plaintiff's right to be free from discrimination based on disability.

63. As a proximate result of these unlawful acts, plaintiff has suffered and continues to suffer lost employment benefits and other compensation, including the bonus enhancement.

64. As a proximate result of these unlawful acts, plaintiff has suffered injuries, including

COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF

1 emotional injuries.

2     65. Plaintiff is entitled to compensatory damages, any lost benefits and compensation, injunctive and declaratory relief and attorneys' fees and costs.

### FIFTH CLAIM FOR RELIEF
Interference with Rights Protected by the ADA
In Violation of the Americans with Disabilities Act of 1990
42 U.S.C. § 12203(b)
Against All Defendants

66. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 65, above.

67. Under the ADA, it is unlawful for any person to "interfere with any individual in the exercise or enjoyment of ... any right granted or protected by this chapter." 42 U.S.C. § 12203(b).

68. In crafting and implementing a severance package that deprives valuable bonus enhancements to hundreds of NUMMI employees who were not actively working due to disability between October 2009 and April 1, 2010, defendants NUMMI and TOYOTA interfered with the ADA rights of these employees.

69. In denying transitional career services to hundreds of NUMMI employees who were not actively working due to disability between October 2009 and April 1, 2010, defendant NUMMI interfered with the ADA rights of these employees.

70. Defendants' unlawful actions were intentional, willful, malicious and/or done with reckless disregard to plaintiff's right to be free from discrimination based on disability.

71. As a proximate result of these unlawful acts, plaintiff has suffered and continues to suffer lost employment benefits and other compensation, including the bonus enhancement.

72. As a proximate result of these unlawful acts, plaintiff has suffered injuries, including emotional injuries.

73. Plaintiff is entitled to compensatory damages, any lost benefits and compensation, injunctive and declaratory relief and attorneys' fees and costs.

### SIXTH CLAIM FOR RELIEF
Participation in Discriminatory Contractual Arrangements in Violation of

The Americans with Disabilities Act
42 U.S.C. § 12112(b)(2)
Against Defendant NUMMI

74. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 73, above.

75. The ADA prohibits an employer from "participating in a contractual or other arrangement or relationship that has the effect of subjecting a covered entity's qualified applicant or employee with a disability to the discrimination prohibited by this subchapter." 42 U.S.C. § 12112(b)(2).

76. Here, Defendant NUMMI has participated in contractual and other arrangements with Defendant Toyota as well as with United Automobile, Aerospace and Agricultural Implement Workers of America (UAW) Local 2244. These contractual and other arrangements have had the effect of discrimination in violation of the ADA, as described herein.

77. Defendant NUMMI's unlawful actions were intentional, willful, malicious and/or done with reckless disregard to plaintiff's right to be free from discrimination based on disability.

78. As a proximate result of these unlawful acts, plaintiff has suffered and continues to suffer lost employment benefits and other compensation, including the bonus enhancement.

79. As a proximate result of these unlawful acts, plaintiff has suffered injuries, including emotional injuries.

80. Plaintiff is entitled to compensatory damages, any lost benefits and compensation, injunctive and declaratory relief and attorneys' fees and costs.

**SEVENTH CLAIM FOR RELIEF**
Aiding and Abetting in Violation of
California's Fair Employment and Housing Act
Cal. Gov't Code § 12940(i)
Against All Defendants

81. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 80, above.

82. Under California's FEHA, it is unlawful for "any person to aid [or] abet ... the doing of any of the acts forbidden under this part[.]" Cal. Gov't Code § 12940(i).

83. By engaging in the conduct described herein, Defendants NUMMI and TOYOTA have

COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF

Page 13

1 aided and abetted in the doing of discriminatory acts that are prohibited by the FEHA.

2 84. Defendants' unlawful actions were intentional, willful, malicious and/or done with reckless disregard to plaintiff's right to be free from discrimination based on disability.

85. As a proximate result of these unlawful acts, plaintiff has suffered and continues to suffer lost employment benefits and other compensation, including the bonus enhancement.

86. As a proximate result of these unlawful acts, plaintiff has suffered injuries, including emotional injuries.

87. Plaintiff is entitled to compensatory damages, any lost benefits and compensation, injunctive and declaratory relief and attorneys' fees and costs.

## EIGHTH CLAIM FOR RELIEF
Failure to Accommodate in Violation of
The Americans with Disabilities Act of 1990
42 U.S.C. § 12112(b)(5)(A)
Against Defendant NUMMI

88. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 87, above.

89. Under the ADA, it is unlawful for an employer "not [to] mak[e] reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability." 42 U.S.C. § 12112(b)(5)(A).

90. A medical leave for treatment and recovery is a form of reasonable accommodation. For such leave to be an effective accommodation, the employer must return the employee to active work when she or he is recovered sufficiently to perform their job duties with or without on-the-job accommodations.

91. ***In violation of Plaintiff COOKSON's rights to reasonable accommodation and nondiscrimination under the ADA,*** Defendant NUMMI refused and failed to reinstate and retain each of them when they sought to return to work from medical leave. Further, Defendant NUMMI failed to consider or provide any on-the-job accommodations COOKSON might have required to return to work.

92. Defendant NUMMI failed to engage in any good faith, interactive process to discuss and determine any reasonable accommodations that would have enabled Plaintiffs COOKSON to

return to work from medical leave.

93. Plaintiff is informed and believes, and thereupon alleges, that between October 2009 and April 1, 2010, Defendant NUMMI failed and refused to reinstate and accommodate many disabled employees as part of an unlawful scheme to deny such workers the benefits of transitional vocational services and/or the bonus enhancement.

94. Defendant NUMMI's unlawful actions and inactions were intentional, willful, malicious and/or done with reckless disregard to COOKSON's rights to reasonable accommodations under law.

95. As a proximate result of these unlawful acts, Plaintiff COOKSON has suffered and continues to suffer lost wages and employment benefits, and other compensation, including the bonus enhancement.

96. As a proximate result of these unlawful acts, Plaintiff COOKSON has suffered injuries, including emotional injuries.

97. Plaintiff COOKSON is entitled to compensatory damages, any lost wages and benefits, injunctive and declaratory relief and attorneys' fees and costs.

**NINTH CLAIM FOR RELIEF**
Failure to Accommodate in Violation of
California's Fair Employment and Housing Act
Cal. Gov't Code § 12940(a)(1), (m), (n)
Against Defendant NUMMI

98. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 97, above.

99. Under the FEHA, it is an unlawful employment practice for an employer to fail to make reasonable accommodation for the known disability of an employee, or to fail to engage in a timely, good faith, interactive process with employees who needs accommodation. Cal. Gov't Code § 12940(a)(1), (m), (n).

100. A medical leave for treatment and recovery is a form of reasonable accommodation. For such leave to be an effective accommodation, the employer must return the employee to active work when she or he is recovered sufficiently to perform their job duties with or without on-the-job accommodations.

101. In violation of Plaintiff COOKSON's rights to reasonable accommodations under the FEHA, Defendant NUMMI refused and failed to reinstate and retain him when he sought to return to work from medical leave. Further, Defendant NUMMI failed to consider or provide any on-the-job accommodations Plaintiff COOKSON might have required to return to work.

102. Defendant NUMMI failed to engage in any good faith, interactive process to discuss and determine any reasonable accommodations that would have enabled Plaintiff COOKSON to return to work from medical leave.

103. Plaintiff is informed and believes, and thereupon alleges, that between October 2009 and April 1, 2010, Defendant NUMMI failed and refused to reinstate and accommodate many disabled employees as part of an unlawful scheme to deny such workers the benefits of transitional vocational services and/or the bonus enhancement.

104. Defendant NUMMI's unlawful actions were intentional, willful, malicious and/or done with reckless disregard to Plaintiff COOKSON'S rights to reasonable accommodations under law.

105. As a proximate result of these unlawful acts, plaintiff has suffered and continues to suffer lost wages and employment benefits, and other compensation, including the bonus enhancement.

106. As a proximate result of these unlawful acts, plaintiff has suffered injuries, including emotional injuries.

107. Plaintiff COOKSON is entitled to compensatory damages, any lost wages and benefits, injunctive and declaratory relief and attorneys' fees and costs.

### TENTH CLAIM FOR RELIEF
Failure to Engage in the Interactive Process in Violation of
California's Fair Employment and Housing Act
Cal. Gov't Code § 12940(n)
Against Defendant NUMMI

108. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 107, above.

109. Under the FEHA, it is an unlawful employment practice for an employer to fail to engage in a timely, good faith, interactive process with an employee with a disability to determine effective reasonable accommodations in response to a request for reasonable accommodation.

Cal. Gov't Code § 12940(n).

110. Here, Plaintiff COOKSON requested accommodation through his efforts to return to work. Defendant NUMMI failed to engage in a good faith, interactive process to discuss requests for accommodation, and to determine effective and reasonable accommodations that would have enabled Plaintiff COOKSON to retain his employment. Instead, Defendant NUMMI refused to reinstate and retain him.

111. Defendant NUMMI's unlawful actions were intentional, willful, malicious and/or done with reckless disregard to Plaintiff COOKSON's right to reasonable accommodation and the interactive process.

112. As a proximate result of these unlawful acts, Plaintiff COOKSON has suffered and continues to suffer lost wages, employment benefits, and other compensation, including the bonus enhancement.

113. As a proximate result of these unlawful acts, Plaintiff COOKSON has suffered injury, including emotional injury.

114. Plaintiff COOKSON is entitled to compensatory damages, any lost wages and benefits, injunctive and declaratory relief and attorneys' fees and costs.

### ELEVENTH CLAIM FOR RELIEF
Adverse Actions
In Violation of California's Public Policy
Against All Defendants

115. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 114, above.

116. It is the public policy of the State of California to bar employers from discriminating against their employees because of disability. This public policy is well grounded in state and federal statutes, including the ADA, the FEHA, and the Unfair Business Practices Act.

117. By discriminating against plaintiff on the basis of disability, Defendants NUMMI and TOYOTA violated California's public policy.

118. Defendants' unlawful actions were intentional, willful, malicious and/or done with reckless disregard to plaintiff's rights.

119. As a proximate result of these unlawful acts, has suffered and continues to suffer lost wages, employment benefits, and other compensation including the bonus enhancement.

120. As a further proximate result of these unlawful acts, plaintiff has suffered and continues to suffer injury, including emotional injury.

121. Plaintiff is entitled to compensatory damages, any lost wages and benefits, injunctive and declaratory relief and attorneys' fees and costs.

**TWELTH CLAIM FOR RELIEF**
Unlawful Business Practices in Violation of
California's Unlawful Business Practices Act,
Cal. Business & Prof. Code § 17200, *et seq.*
Against All Defendants

122. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 121, above.

123. Unfair practices prohibited by California's Unfair Business Practices act include "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200.

124. Defendants NUMMI and TOYOTA have committed unlawful and unfair business practices, including but not limited to the following:

    (a)    discriminating against plaintiff on the basis of disability in violation of the ADA and the FEHA;

    (c)    failing to accommodate Plaintiff Cookson to engage in the interactive process in violation of the ADA and the FEHA;

    (d)    failing to disclose that severance rights would be adversely impacted by being on a leave of absence, and informing plaintiff on leave that he need not report for duty or otherwise check their status;

    (e)    offering a severance package with unconscionable and illegal terms;

    (f)    discriminating against plaintiff for filing or making known his intention to file a claim for compensation; and

    (g)    violating California's public policy.

125. As a proximate result of the unlawful and unfair business practices of defendants, and each of them, plaintiff has suffered injury in fact and has lost money or property, including the

1  bonus enhancement.

2  126. Plaintiff is entitled to injunctive relief, reformation of their severance packages,
3  transitional services, restitution, and attorneys' fees and costs.

### **RELIEF REQUESTED**

WHEREFORE, plaintiff respectfully requests that this Court:

1.  Order defendants to pay plaintiff for the compensation denied or lost to plaintiff by reason of defendants' violations of the law, in an amount to be proven at trial;

2.  Order defendants to pay compensatory damages for emotional pain and suffering in an amount to be proven at trial;

3.  Order defendants to pay exemplary and punitive damages;

4.  Order defendants to pay restitution;

5.  Order defendants to pay plaintiff's reasonable attorneys' fees, reasonable expert witness fees, and other costs of the action;

6.  Order defendants to pay plaintiff's interest on such damages as are appropriate, including pre- and post-judgment interest; and

11. Grant such other and further relief as this Court may deem proper and just.

### **JURY DEMAND**

Plaintiff demands trial by jury of all claims and causes of action so triable.

Dated:   July 2, 2010                                 Respectfully submitted,

                                                      By: _William A. Cookson_
                                                          William Cookson

COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF